UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| DANA HEFLIN,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>SQUAN CONSTRUCTION SERVICES, LLC,<br><br>　　　　　Defendant. | CASE NO.<br><br>**COMPLAINT** |

Plaintiff would respectfully show unto the Court as follows:

**PARTIES**

1.　Plaintiff Dana Heflin is a citizen and resident of the County of Florence, State of South Carolina.

2.　Defendant Squan Construction Services, L.L.C. ("Squan") is a South Carolina Limited Liability Company with a facility in Florence County, South Carolina.

3.　The acts and omissions giving rise to the claim occurred in Florence County, South Carolina.

**FACT GIVING RISE TO CLAIM**

4.　Squan provides telecom infrastructure solutions across the United States and operates multiple offices, including one in Florence, SC.

5.　Squan has more than 15 employees and is subject to Title VII of the Civil Rights Act of 1964 (Title VII).

2

6. In November of 2022, Squan hired Dana Heflin, Plaintiff, as an Office Manager at the Florence facility.

7. Ms. Heflin is a member of a Title VII protected class: she is female.

8. On February 16, 2023, Squan's Warehouse Manager Garry Bellinger received a verbal complaint from Ms. Heflin.

9. The complaint was about inappropriate comments and behavior Construction Manager Mike McGrath was making towards Ms. Heflin.

10. Mr. Bellinger learned from Ms. Heflin that Mr. McGrath would rub against Ms. Heflin.

11. Mr. Bellinger learned from Ms. Heflin that Mr. McGrath would talk to her about prostitutes and tell her that his wife didn't "play the skin flute" anymore.

12. Mr. Bellinger learned from Ms. Heflin that Mr. McGrath made these comments to her multiple times.

13. Mr. McGrath made inappropriate comments to Ms. Heflin at work more than once a week.

14. Mr. Bellinger reported Ms. Heflin's complaint of Mr. McGrath's harassment to other members of management.

15. Mr. Bellinger reported her complaint to Safety/Logistics Manager, Darron Delancy, and Construction Manager, Joe Smith.

16. Squan held a meeting about Ms. Heflin's sexual harassment complaint.

17. Mr. Bellinger, Mr. Delancy, and Mr. Smith were all present during the meeting.

18. They did not provide Ms. Heflin with any information on what they planned to do to address her complaint.

19. They instead asked Ms. Heflin what she wanted to do in light of Mr. McGrath's behavior.

20. Ms. Heflin responded to them that she didn't know what to do.

21. Mr. Bellinger, Mr. Delancy, and Mr. Smith learned from Ms. Heflin that she was not sure what to do because she was afraid of losing her job.

22. Mr. Bellinger, Mr. Delancy, and Mr. Smith learned from Ms. Heflin that she was afraid of what would happen if Mr. McGrath found out that she had made a complaint against him.

23. Mr. Bellinger, Mr. Delancy, and Mr. Smith told her she could get back to them when she knew what she wanted to do and then they ended the meeting.

24. Squan did not take any corrective action against Mr. McGrath after this meeting.

25. Mr. McGrath continued to harass Ms. Heflin after this meeting took place.

26. Squan was aware of Mr. McGrath engaging in similar harassment towards women before learning about his harassment of Ms. Heflin.

27. Squan did not take action to deter or prevent Mr. McGrath from engaging in future sexual harassment despite knowing he had done so in the past.

28. Mr. McGrath later learned that Ms. Heflin took a day off for a follow-up appointment after breast augmentation surgery.

29. Mr. McGrath then started making comments about her breasts.

30. Mr. McGrath's comments included, "I don't know why I'm sweeping the floor. I don't have tits. But your tits are fake, so would it even count if you were doing it?"

31. Squan made no effort to stop Mr. McGrath's harassment of Ms. Heflin.

32. On March 10, 2023, Squan terminated Ms. Heflin.

33. Squan terminated Ms. Heflin three weeks and one day after she made her sexual harassment complaint about Mr. McGrath.

34. Squan terminated her for "not fitting in with Mike."

35. This referred to Mike McGrath, the person who she complained was harassing her.

36. The true reason for the termination was Ms. Helfin had made a sexual harassment complaint about Mr. McGrath.

37. Prior to her termination, the only performance issue in Ms. Heflin's personnel file was that on one occasion, Squan claimed that she was late updating inventory.

38. Squan issued no other disciplinary actions against Ms. Heflin prior to her termination.

39. Mr. Bellinger, Mr. Delancy, and Mr. Smith did not meet with Ms. Heflin again to discuss the harassment prior to terminating her.

40. Squan did not provide any sexual harassment training to Mr. McGrath, Ms. Helin, of any Squan employees.

41. Squan did not provide Ms. Heflin with training on how to report a sexual harassment complaint or to whom in the company.

42. At all relevant times, Squan's management was aware of the obligations of prohibitions of Title VII of the Civil Rights Act of 1964, yet they did not take reasonable efforts to prevent Ms. Squan from becoming a victim of sexual harassment.

43. Squan knew that Mr. McGrath's sexual harassment of Ms. Squan did violate or might violate Title VII of the Civil Rights Act, yet they did not take prompt or effective action to end the harassment.

44. Squan knew that their termination of Ms. Heflin might violate Federal and State antiretaliation law, yet they chose to terminate her despite this.

45. Ms. Heflin was never given an employee handbook and was not informed of or aware of any policy for reporting sexual harassment at Squan, if any.

46. Ms. Heflin was so distressed by the treatment she received, that she cut off her long hair to appear less attractive.

47. Ms. Heflin began receiving counseling with a psychiatrist as a result of the harassment.

48. As a result of the sexual harassment and retaliation Ms. Squan has suffered economic and noneconomic damages.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

49. On March 29, 2023, the Plaintiff filed an EEOC Charge.

50. On September 4, 2024, the EEOC issued a Notice of Rights to Sue.

51. The Plaintiff timely filed this lawsuit within 90 days of receiving the NORTS from the EEOC.

52. The Plaintiff has exhausted her administrative remedies for this case and all of her claims in this action are within the scope of the charge.

## FOR A FIRST CAUSE OF ACTION
### Retaliation in violation of Title VII of the Civil Rights Act of 1964

53. The Plaintiff re-alleges all foregoing paragraphs as if restated herein verbatim.

54. The Defendant is an employer within the meaning of Title VII of the Civil Rights Act of 1964.

55. The Defendant is subject to the requirements and prohibitions of Title VII of the Civil Rights Act of 1964.

56. The Plaintiff was an employee of the Defendant.

57. The Plaintiff engaged in a protected action under Title VII: she made a complaint to her employer regarding sexual harassment in the workplace.

58. The Plaintiff suffered adverse employment action: she was terminated.

59. Defendant terminated her because of her protected action.

60. She met the employer's expectations at all relevant times.

61. The but-for reason for Defendant's adverse action against the Plaintiff was her protected action.

62. The aforementioned actions were taken in intentional, knowing, and willful violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e and caused the Plaintiff economic and noneconomic damages.

### FOR A SECOND CAUSE OF ACTION
### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964:
### HOSTILE WORK ENVIRONMENT
### (42 U.S.C. § 2000e et seq.)

63. The Plaintiff re-alleges all the foregoing paragraphs as if restated herein verbatim.

64. The Plaintiff is a member of a protected-class, she is female

65. Defendant subjected the Plaintiff to conduct that was unwelcome—sexual harassment.

66. The unwelcome conduct was based on the sex of the Plaintiff.

67. The unwelcome conduct was sufficiently severe or pervasive to alter the Plaintiff's conditions of employment and to create an abusive work environment.

68. The unwelcome conduct was imputable to the Defendant.

69. The Defendant knew about the sexual harassment but did not take prompt or effective action to remedy it.

70. The Plaintiff did not make reasonable to prevent Ms. Heflin from becoming a victim of sexual harassment.

71. As a result of the Defendant's knowing and willfully unlawful actions, the Plaintiff has suffered damages (including but not limited to physical and mental distress, loss of income and benefits, costs and attorney's fees and other actual and punitive damages).

72. The Plaintiff seeks actual and punitive damages, costs and attorney's fees in such amounts as are just and proper as well as other relief available from this Court.

**FOR A THIRD CAUSE OF ACTION**
**Discrimination in Violation of Title VII of the Civil Rights Act of 1964**

73. The Plaintiff re-alleges all foregoing paragraphs as if restated herein

verbatim.

74. The Defendant is subject to the requirements and prohibitions of Title VII of the Civil Rights Act of 1964.

75. The Plaintiff is a member of a protected class under Title VII; she is female.

76. The Plaintiff suffered adverse employment action.

77. The Defendant took adverse action against the Plaintiff because of her protected class.

78. The Plaintiff met the employer's performance expectations at all relevant times.

79. The aforementioned actions were taken in intentional, knowing, and willful violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e and caused the Plaintiff economic and noneconomic damages.

WHEREFORE, Plaintiff prays for judgment against the Defendant, for actual, special, consequential, interest, and punitive damages in an amount to be determined upon the trial of this case, plus costs of this action, and for such other and further relief as this Court might deem just and proper and as permitted by law.

    Respectfully submitted,

    s/David A. Nauheim
    DAVID A. NAUHEIM, Esq.
    Federal Court ID: 12551
    NAUHEIM LAW OFFICE, LLC
    101 Sycamore Ave.
    Charleston, SC 29407
    Tel: 843 534-5084
    Fax: 843 350-3572
    david@nauheimlaw.com
    ATTORNEYS FOR THE PLAINTIFF

DATE: December 3, 2024

**PLAINTIFFS DEMANDS A TRIAL BY JURY.**